UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelley L. Hendrickson, | Case No. 18-cv-0086 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| Fifth Third Bank and 11th Hour Recovery, Inc., | |
| Defendants. | |

This matter is before the Court on Defendant Fifth Third Bank's appeal of the November 28, 2018 Order of United States Magistrate Judge Tony N. Leung, (Dkt. 110), which denied Fifth Third's motion for a protective order. For the reasons addressed below, the magistrate judge's November 28, 2018 Order is affirmed.

## BACKGROUND

Plaintiff Kelley L. Hendrickson asserts multiple claims against Defendants founded on the allegation that Fifth Third failed to send her a "*Cobb* notice" before repossessing her vehicle. *See Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232, 237 (Minn. 1980) (holding that, if a creditor repeatedly accepts late payments, the creditor is required to give the debtor written notice of the creditor's intent to strictly enforce the terms of the loan agreement before repossessing collateral). Hendrickson moved to amend her complaint to include class action allegations on August 1, 2018.

On July 26, 2018, Fifth Third moved for a protective order, *see* Fed. R. Civ. P. 26(c), seeking to limit discovery sought by Hendrickson as to Fifth Third's internal policies and

procedures. In particular, Hendrickson sought discovery pertaining to Fifth Third's policies and procedures for communicating with customers about repossession, lawsuits related to the repossession of vehicles, and information related to Minnesota law governing the repossession of vehicles.

On November 28, 2018, the magistrate judge issued an order granting Hendrickson's motion to amend her complaint and denying Fifth Third's motion for a protective order. Relevant to this appeal, the magistrate judge concluded that Fifth Third's internal policies and procedures are relevant and reasonably likely to lead to the discovery of admissible evidence.

## ANALYSIS

Fifth Third appeals the portion of the November 28, 2018 Order denying Fifth Third's motion for a protective order as to its internal policies and procedures. Review of a magistrate judge's ruling on a nondispositive issue is "extremely deferential," *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008), and a ruling will be modified or set aside only if it is clearly erroneous or contrary to law, 28 U.S.C. § 636(b)(1)(A). A magistrate judge's ruling is clearly erroneous when, although there is evidence to support the ruling, after examining the entire record, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure. *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010).

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Such information "need not be admissible in evidence to be discoverable." *Id.* A party seeking to limit discovery may move for a protective order, which a court may grant upon "good cause." Fed. R. Civ. P. 26(c). The movant bears the burden of establishing the need for a protective order. *See Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 237 (D. Minn. 2013) (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

The magistrate judge determined that the discovery Hendrickson seeks regarding Fifth Third's internal policies and procedures is relevant to Hendrickson's *Cobb*-notice claims. Ultimately, a magistrate judge has broad discretion to supervise discovery. *See id.* (citing *McGowan v. Gen. Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986)). The record indicates that the magistrate judge exercised his discretion in a sound manner, and Fifth Third has presented no persuasive facts or legal authority to the contrary.[1] The magistrate judge's Order is neither clearly erroneous nor contrary to law. Accordingly, the Court

---

[1] The Court acknowledges that the magistrate judge relied on language that was eliminated from Rule 26(b)(1) by the 2015 amendments to that rule. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is . . . deleted."). The magistrate judge's reference to the prior rule does not materially affect the analysis, however. The 2015 amendments did not "alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (internal quotation marks omitted); *see also Murphy v. Piper*, No. 16-2623, 2017 WL 6389690, at *3 n.5 (D. Minn Dec. 14, 2017).

3

affirms the magistrate judge's November 28, 2018 Order denying Fifth Third's motion for a protective order.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the November 28, 2018 Order, (Dkt. 110), is **AFFIRMED**.

Dated: February 28, 2019
                                                s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge