# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Kelley L. Hendrickson,<br><br>Plaintiff,<br><br>v.<br><br>Fifth Third Bank, 11th Hour Recovery, Inc., and John Doe Repossession Agencies 1-10,<br><br>Defendants. | **JUDGMENT IN A CIVIL CASE**<br><br>Case Number: 18cv86 TNL |

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

The Settlement Agreement and Release (ECF. 135-1), including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF. 142) are also incorporated by reference in this Final Approval Order.

1. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> SETTLEMENT CLASS: The settlement class is comprised of two sub-classes, the Repossession Class and the FDCPA Class.
>
> The Repossession Class is all Minnesota consumers whose vehicles were repossessed by or on behalf of Fifth Third

between December 12, 2013, and February 18, 2019, who, prior to the repossession, made two or more late payments on their vehicle(s) that were accepted by Fifth Third. Excluded from the Repossession Class are Minnesota consumers: (1) whose debts were discharged in bankruptcy prior to repossession, without formally reaffirming their loan agreement in the bankruptcy proceeding; (2) whose vehicles were repossessed after the borrower's death; and/or (3) whose vehicles were voluntary surrendered by the consumer.

The FDCPA Class is all Minnesota consumers whose vehicles were repossessed by or on behalf of Fifth Third between December 12, 2016, and February 18, 2019, who, prior to the repossession, made at least two or more late payments on their vehicle(s) that were accepted by Fifth Third Bank. Excluded from the FDCPA Class are Minnesota consumers: (1) whose debts were discharged in bankruptcy prior to repossession, without formally reaffirming their loan agreement in the bankruptcy proceeding; (2) whose vehicles were repossessed after the borrower's death; and/or (3) whose vehicles were voluntary surrendered by the consumer

2. Excluded from the Settlement Class is the individual who timely and validly submitted an opt-out, as reflected within the declaration filed by the Settlement Administrator on February 4, 2020 (ECF. 149).

3. The Court hereby finds that the Settlement is the product of arm's length settlement negotiations between Plaintiff and Defendants.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination was in compliance with the Agreement and this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and Address Verification Forms set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. The Court further finds and concludes that the notice requirements of the Class Action Fairness Act, set forth in 28 U.S.C. § 1715, were timely satisfied and that

notice of the settlement was provided to pertinent state and federal officials on or about October 24, 2019.

7. The Court hereby finally approves the Settlement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the settlement consideration provided to the Settlement Class, including both monetary and non-monetary consideration, constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the settlement consideration to be provided to the Settlement Class is fair and reasonable, considering the facts and circumstances of the claims and defenses asserted, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

8. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, and disposition of any Remaining Funds thereafter. Should any Remaining Funds be distributed, the Court hereby approves Mid-Minnesota Legal Aid as the *cy pres* recipient.

10. This Court hereby dismisses this Action, with prejudice, without costs to any Party, except as expressly provided for in the Agreement.

11. As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.

12. Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum,

against the Released Parties individually or collectively. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

13. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the claims. Evidence relating to the Agreement, including but not limited to any confirmatory discovery, will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order. The Court's Protective Order (ECF No. 12) remains in full effect.

14. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the *status quo* as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Defendants or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

15. In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Fifth Third Bank within 5 days of the event that causes the Agreement to not become effective. To the extent that any money in the Settlement Fund was distributed to Class Members, then such Class Members shall return the

distribution to Fifth Third Bank within 5 days of the event that causes the Agreement to not become effective.

16. In the event that any provision of the Agreement or this Final Approval Order is asserted by Defendants as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

18. Class Counsel seeks attorneys' fees and costs totaling $300,000 (ECF N0. 143) and Defendants do not oppose this request. Despite the lack of opposition, the Court has considered the request through the lens of the percentage-of-recovery and lodestar approaches. *See Netzel v. West Shore Group, Inc.,* No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *8 (D. Minn. May 7, 2017). The award amounts to one-third of the total settlement amount and follows efficient effort on the part of Class Counsel to achieve a sizeable recovery for the Class Members. The Court finds the attorneys' fees requested to be fair and reasonable in light of the results obtained for the Class Members by Class Counsel. The Court grants Plaintiff's Motion for Attorney's Fees, Costs, and Class Representative Award (ECF No. 143) and approves Class Counsel's application for $300,000.00, which is one-third (1/3) of the Settlement Amount, in attorneys' fees and

costs. The Court further approves a class representative award for Plaintiff in the amount of $16,600.00, in cash and account credit as fair and reasonable her efforts in this case.

19.    Without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the litigation for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement.

Date: 2/14/2020                           KATE M. FOGARTY, CLERK

                                                                  s/Jackie Ellingson
                                           (By)   Jackie Ellingson, Deputy Clerk